## WILLIAM M. BAKER, Respondent, *v.* ALBERT A. DRAKE et al., Appellants.

The relation of broker and customer, under the ordinary contract for a speculative purchase of stock, is that of pledgee and pledgor. (ALLEN and RAPALLO, JJ., dissenting.)

A sale of the stock by the broker under such contract, without notice to the customer of the time and place of sale, is a conversion. (ALLEN and RAPALLO, JJ., dissenting.)

Oral proof of the usage of brokers in such cases, is not admissible to add to or make part of the contract. (ALLEN and RAPALLO, JJ., dissenting.)

The parties to the contract, however, may provide therein for any manner of disposing of the pledge to satisfy the claim upon it, which is not in contravention of a statute, against public policy, or fraudulent.

Plaintiff employed defendants to purchase stocks for him upon margin, he agreeing that all transactions in stocks should be in every way subject to the usages of defendants' office. In an action for a conversion, by an alleged sale without notice, of stocks purchased, defendants offered to prove that it was the custom of their office to sell on account of failure to furnish sufficient margin at the stock exchange without giving notice to the customer of the time and place of sale. This offer was rejected. *Held* (CHURCH, Ch. J., ANDREWS and MILLER, JJ., dissenting), error.

Upon the question of damages the court charged the jury, in substance, that if the right of action was established, plaintiff was entitled to recover what it would have cost him to replace the stocks on a day within a reasonable time after the sale, deducting the sum due to the defendants. *Held*, no error.

(Argued April 24, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought for an alleged conversion by defendant of 500 shares of the stock of the Chicago and Alton Railroad Company.

Plaintiff, through one U. F. Rogers, who acted as his agent, employed the defendants, who were doing business as stock brokers in the city of New York, under the firm name of Drake Brothers, to make speculative purchases of stocks for him, upon a margin.

Rogers had been previously operating in stocks, the defendants acting as his brokers. A written agreement had been made between them. The evidence was conflicting as to whether this agreement had been abandoned, and as to whether it was extended and applied to plaintiff's transactions. Plaintiff gave to Rogers the following letter of instructions, which Rogers delivered to defendants:

"NEW YORK, *April* 16, 1868.

"Messrs. DRAKE BROTHERS:

"GENTL'M. — You are hereby authorized to negotiate for my acct. such transactions in stocks and other securities as Mr. U. F. Rogers may think best to direct.

"All transactions under his directions be duly knowledged and confirmed, and in every way subject to the usages of your office.

. "Yours truly.

"WM. M. BAKER."

Prior to this defendants had bought on plaintiff's account 500 shares of the Chicago and Alton Railroad stock. The stock having declined and plaintiff having failed to furnish additional margin, defendants sold the stock at a loss, in November, 1868, at the stock exchange, without giving plaintiff any notice of the time or place of sale.

Upon the trial of the action defendants' counsel asked one of the defendants, who was being examined as a witness, the following question: "In the year 1868, from the first of January to the first of December, had you a custom in your office in reference to the manner in which sales were made of stocks which you had purchashed for your customers when the margin was insufficient in cases of sales on account of an insufficient margin." This was objected to, and objection sustained.

Said counsel then offered to prove by the witness "that in 1868, from the first of January to the first of December, there was a custom in their mode of doing business in cases of the sales of stocks of customers purchased under circumstances similar to this stock for Mr. Baker, when a sale was made on

account of the margin being insufficient on account of a failure to furnish sufficient margin, and that by that custom the stock was sold at. the stock exchange in the city of New York, and no notice was given to the customer of the time or place of the sale." This was objected to. Objection sustained, and defendants' counsel duly excepted.

The court charged the jury as follows: "If you find that the contract was as .claimed by the plaintiff, and this sale was made without notice, you will assess the damages upon the following principles: The plaintiff is entitled to recover, as damages, what it would have cost to replace the stock, that is, the price of the stock, on a day within a reasonable time after the wrongful sale, to replace the stock after deducting what was due to the defendants in the. dealing between the parties." To which defendants' counsel duly excepted.

*James C. Carter* for the appellants. The ruling of the judge excluding evidence of the general usage between brokers and their customers, was erroneous. (2 Greenl. Ev. [Redf. ed], 224; 1 Smith's L. Cas. [6th Am. ed.], 835; *Mollett* v. *Robinson*, L. R., 5 C. P., 646; 7 id., 84; *Horton* v. *Morgan*, 19 N. Y., 170; 41 id., 244; *Allen* v. *Dykers*, 3 Hill, 597; *Sutton* v. *Latham*, 10 Ad. & El., 27; *Bayliffe* v. *Butterworth*, 1 Exch., 425; *Pollock* v. *Stables*, 12 Q. B., 765; *Grissell* v. *Bristowe*, L. R., 4 C. P., 36; *Coles* v. *Bristowe*, L. R., 4 Ch. App., 3; *Maxted* v. *Paine*, L. R., 6 Exch., 132; *Duncan* v. *Hall*, id., 255; *Fleet* v. *Murton*, L. R., 7 Q. B., 126.) Defendants were not bound to give notice of the time and place of sale. (*Marine Nat. Bk.* v. *Nat. City Bk.*, 59 N. Y., 67, 72.) Plaintiff having failed to disaffirm the sale until this action was commenced, must be deemed to have ratified it, and cannot maintain this action. (*Hanks* v. *Drake*, 49 Barb., 186; *Hope* v. *Lawrence*, 50 id., 258; *Law* v. *Cross*, 1 Black, 539; *Foster* v. *Rockwell*, 104 Mass., 172; *Coucier* v. *Ritter*, 4 Wash., 553; *Smith* v. *Cologan*, 2 T. R., 188, n.; *Towle* v. *Stevenson*, 1 J. Cas., 110; *Cairnes* v. *Bleecker*, 2 J. R., 301; *Baker* v. *Drake*, 53 N. Y., 211, 217.)

*James Emott* and *Frederick A. Ward* for the respondent. The exception to the exclusion of evidence of usage in Wall street, or custom among brokers, was not well taken. (*Bower* v. *Newell*, 4 Seld., 190; *Dykers* v. *Allen*, 7 Hill, 497; *Merchants' Bank* v. *Woodruff*, 6 Hill, 174; *Wheeler* v. *Newbould*, 16 N. Y., 392; *Higgins* v. *Morse*, 34 id., 417; *Berrine* v. *Lord*, 1 Seld., 95; *Thompson* v. *Riggs*, 5 Wal., 663.) Plaintiff's stipulation acknowledging all transactions under Roger's directions to be subject to the usages of "defendants' office," did not apply to the unauthorized sale, and the evidence offered as to it was not admissible. (*Markham* v. *Jaudon*, 41 N. Y., 235.) The stocks purchased by defendants for plaintiff were his property. (*Andrews* v. *Clark*, 3 Bosw., 585; *Mallory* v. *Willis*, 4 N. Y., 76; *Pollen* v. *Leroy*, 30 id., 549; *Mallory* v. *Lord*, 29 Barb., 455; *Merwin* v. *Hamilton*, 2 Duer, 244.) Defendants held the stock as security for the advance made by them. (*Ashton* v. *Greene*, 3 Campb., 426; *Oakley* v. *Oakley*, 16 Q. B., 941; *Griffith* v. *Perry*, 1 E. & E., 680; Blackburn on Sales, 325; Benjamin on Sales, 594) Defendants were pledgees, and had no right to sell it. (Story on Bailments, §§ 7, 297; *Stearns* v. *Marsh*, 4 Den., 227; *Wilson* v. *Little*, 2 N. Y., 443; 16 id., 396; Story's Eq. Jur., § 1008; 2 Kent's Com., 582.) No right to sell it without notice was conferred on defendants by their agreement with plaintiff. (Russell on Factors, 212; *Marfield* v. *Goodhue*, 3 N. Y., 62; *Gihon* v. *Stanton*, 5 Seld., 476.)

FOLGER, J. This case was argued orally before six members of the court. I did not have the benefit of that argument, nor of some of the subsequent discussion of the case, among the six judges, in our consultation room. It is, however, the practice of this court, that where a judge is absent from an oral argument of a case, it is to be treated as submitted to him, without oral argument.

Upon the consultation among the six members of the court who heard the oral argument, they were equally divided in opinion — three being for an affirmance of the judgment

appealed from, and three for a reversal of it and for a new trial.

On my return to the court the case was submitted to me upon the printed appeal-book and the printed points of the parties, and I also had the benefit of the views in writing, and orally, of the judges who were for affirmance. My investigation of the case, and my reflections upon it, brought me to the conclusion that the learned judge, at the trial, fell into an error in rejecting the testimony which was offered by the defendants to show what were the usages of their office, and it has been thought best that I should draw up the views of the court upon the case, and the reasons for a reversal of the judgment, so that the parties may have some guide upon a new trial, if one is had. This I now do, as briefly as may be.

All but two (ALLEN and RAPALLO, JJ.) of the members of the court adhere to the decision in *Markham* v. *Jaudon* (41 N. Y., 235) on three points there maintained :

First. That the relation of broker and customer, under the ordinary contract for a speculative purchase of stocks, is that of pledgee and pledgor.

Second. That a sale of the stock by the broker, under such a contract, without notice to the customer of the time and place of sale, is a conversion.

Third. That oral proof of the usage of brokers in such cases is not admissible, to add to or make part of the contract.

See, also, *Stenton* v. *Jerome* (54 N. Y., 480), where *Markham* v. *Jaudon* (*supra*) is referred to with approval.

But it is further considered that the parties to such a transaction, which thus creates the relation of pledgee and pledgor, between them, may provide by contract for any manner of disposing of the pledge to satisfy the claim upon it. This is not dissented from by any judge. This restriction is affixed, however, that the manner agreed upon must not be in contravention of a statute, nor against public policy, nor fraudulent. (*Wheeler* v. *Newbould*, 16 N. Y., 392 ; *Milliken* v. *Dehon, Ex'x*, 27 id., 364 ; *Stenton* v. *Jerome, supra*.)

The points in this regard, upon which there is a difference

of opinion in this case, are, first, whether there was not uncontroverted evidence of a contract to that effect; and, second, whether the defendants offered competent proof, that the contract between them and the plaintiff did provide for a sale without notice. As to the first of these points, the case must rest upon the evidence relative to the contract of the defendants with Rogers, and to the adoption of the terms of it into the transactions of the defendant with the plaintiff. We do not think that the evidence of that adoption was uncontroverted. There was a dispute as to it. The question was left to the jury, who found against the defendants. The defendants now claim that the judge erred in submitting to the jury the question whether that contract had been abandoned at the time the dealings between these parties commenced. The decisive answer to this point is, that the submission of that question to the jury was not excepted to. The exception taken was to the submission to the jury of the question, whether the dealings were under that contract, and can only be sustained by showing that this fact was conclusively established.

As to the second of these points, the defendants offered in evidence an instrument in writing, signed by the plaintiff. It was received without objection, although not consistent with the allegations of the answer. It is in the case. By it the plaintiff agreed that all transactions in stocks, under the direction of Rogers, should be in every way subject to the usages of the defendant's office. The last clause of this instrument was not unmeaning and useless. It was of some import. It was part of the plaintiff's agreement. The word "usages" meant the habits, mode and course of dealing in the office of the defendant. If, instead of this word, those habits, modes and course of dealing had been set forth at length in the instrument, would not the transactions of the plaintiff and defendants in stocks, under the directions of Rogers, have been subject to them, subject to the rules of law? As they were not so set forth, the word "usages," alone, does not convey the full meaning of the parties to the instrument, and a court may not, from a perusal of the paper, know all that was

in their contemplation. There is need of parol proof to enable the word used by them to convey the full meaning with which they meant to charge it. And parol proof is competent therefor. If parol proof should show that it was a usage of the defendants' office, for want of margin, to sell stocks in pledge at the public board of brokers, without notice to the pledgor of time or place of sale, would it not tend to establish an agreement by the plaintiff, that the same course might be taken in his case? To so agree would not have contravened any statute, nor infringed upon public policy, and it might not have been fraudulent. We do not stop to consider the weight or effect of the testimony offered, when it shall have been received, nor how — either by counter proof or by rules of law — the plaintiff may meet and overpower it. The sole question now is: Was the proof offered by the defendants competent? We think that it was, and that it was error to reject it.

The rule of damages given to the jury was, we think, justified by the decision of this court in this case, on the first appeal. The judge charges the jury, in substance, that if the right of action was established, the plaintiff was entitled to recover, as damages, what it would have cost him to replace the stocks on a day within a reasonable time after the sale, deducting the sum due to the defendants, and the recovery was based upon the market value of the stock, on a day between the sale and the commencement of the action.

The charge was in accordance with the rule adopted by this court on the first appeal in this case. (53 N. Y.)

The judgment should be reversed and a new trial ordered for the erroneous rejection of testimony.

ALLEN, RAPALLO and EARL, JJ., concurred in the result, and also in the opinion, except as otherwise stated therein.

CHURCH, Ch. J., ANDREWS and MILLER, JJ., were for the affirmance of the judgment, but disagreed with the opinion only on the point of the rejection of the testimony of the usages of defendants' office.

Judgment affirmed.