LOUISA DOUAI WEHLE, Respondent, *v.* JOHN G. HAVILAND, et al., Appellants.

In an action for a wrongful taking and conversion of a stock of goods, where there is no question of malice or claim to recover exemplary damages, the proper measure of damages is the market value of the goods at the time of the tortious taking, with interest thereon.

The market value is the price at which the goods can be replaced for money in the market; not the retail value or price for which they are sold at retail.

*Wehle* v. *Butler* (61 N. Y., 245), limited.

(Argued April 10, 1877 ; decided April 27, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action of trespass for entering upon plaintiff's premises and unlawfully taking and carrying away her stock of goods. The goods were taken under and by virtue of several attachments in favor of defendants and others, which attachments were thereafter set aside and vacated as irregularly issued.

The further facts sufficiently appear in the opinion.

*S. W. Fullerton* and *S. R. Ten Eyck*, for the appellants. The court erred in allowing plaintiff to give evidence of the retail prices at which she sold her goods.   (*Robinson* v. *Kime*, 1 N. Y, [S. C. R.], 60.)

*Charles Wehle*, for the respondent.   Defendants were guilty of trespass.   (*Kerr* v. *Mount*, 28 N. Y., 659.)

ALLEN, J.   There was a conflict of evidence in respect of the goods actually taken by the defendants, as well as in respect of their value.   The jury by their verdict gave the plaintiff as the value of those taken, four thousand five hundred dollars, with interest from the time of the taking, amounting in the aggregate to six thousand nine hundred and ninety-eight dollars and fifteen cents, as included in the judgment.   The witnesses on the part of the plaintiff placed the value of the goods at different amounts, from seven to ten thousand dollars, and testified that their retail value would be twenty-five per cent. in addition to the values named by them respectively.   The goods were sold by auction, on execution, and brought two thousand one hundred and eighty-seven dollars and ninety-four cents.   Witnesses for the defendants, experts, variously estimated their value at from two thousand to two thousand five hundred dollars.   There is nothing in the verdict or in the appeal book to show that the jury adopted any other or different rule or measure of damage than that authorized by the court.

The learned judge supposing that he was following the Commission of Appeals in *Wehle* v. *Butler*, not then reported, but since reported in 61 N. Y., 245, instructed the jury that the plaintiff was entitled to recover the retail value of the goods taken, and again that the only question for them was what was the fair retail value of the goods, and the interest on that amount from the time of the seizure.   The court withdrew from the consideration of the jury the question of malice, and the claim of the plaintiff to recover exemplary damages, or damages in excess of the value of the goods and

SICKELS.—VOL. XXIV.   57

interest thereon. The most that was decided by the Commission of Appeals in *Wehle* v. *Butler*, and that does not seem from the reported opinion to have been considered by that learned court, was that in actions of trespass *de bonis asportatis*, or trover, evidence of the retail value of the goods might be given as one of the elements for determining their true or market value at the time and place of the asportation or conversion. Whether that was the true measure of damages was not before the court, or considered by them. This is apparent by the report of the same case in 35 N. Y., Superior Court Reports p. 1. The Superior Court of New York city declined to consider the question, because not presented by any ruling or decision of the trial court, or any distinct exception. There is no controversy as to the measure of damages in actions of this character. It is the actual value of the property at the time of the taking with interest thereon from the time. (*Stevens* v. *Low*, 2 Hill, 132; *Kennedy* v. *Strong* 14, *J. R.*, 128.)

In some cases where the value of the property is fluctuating, the value may be fixed at the time the owner is deprived of his property, or within such reasonable time thereafter as he might have replaced it. (*Romaine* v. *Van Allen*, 26 N. Y., 309.) There are cases in which the highest price up to the time of the trial, has been allowed. But these are exceptional cases and do not apply when the value of the property is not subject to fluctuations and the value at the time of the tortious taking and interest will indemnify the owner. The plaintiff was entitled to recover so much as would repair the injury sustained by the wrong doing of the defendants, and that was the money value of the goods at the time and interest thereon. The money value is the price at which they could be replaced for money in the market, and hence the inquiry is as to the market value of the goods when they have a market value. (*Dana* v. *Fiedler*, 2 Kern., 41.) The sum at which the plaintiff could have replaced the goods in market would have indemnified her for the loss sustained, and the interest upon that sum would have given her the

legal profit to which she was entitled, the fixed legal rate of interest taking the place of the uncertain and indefinite profits which the plaintiff might have made either from the possession of the goods or their equivalent in money.

It is well settled that in actions for the conversion of goods, or for the non-delivery of goods or chattels upon contract, unearned and speculative profits will not be included as a part of the damages to be recovered. (*Blanchard* v. *Ely*, 21 Wend., 342; *Boyd* v. *Brown*, 17 Pick., 453; *Smith* v. *Cowdry*, 1 How. [U. S. R.], 28; *Griffin* v. *Colver*, 16 N. Y., 489.)

The retail value or the price at which goods are sold at retail includes the expected and contingent profits, the earning of which involves labor, loss of time and expenses, supposes no damage to or depreciation in the value of the goods, and is dependent upon the contingency of finding purchasers for cash, and not upon credit, within a reasonable time, the sale of the entire stock without the loss by unsaleable remnants, and the closing out of a stock of goods as none ever was, or ever will be closed out, by sales at retail at full prices.

By the allowance of these unearned and uncertain profits, and also the allowance of interest from the time of the conversion the plaintiff recovers the profits which she had hoped to make in the future, and interest upon the profits, as well as upon her investment. The plaintiff was entitled to compensation, and that consisted of the market value of the goods, their cost, or what they would have cost in the market and interest thereon, and nothing more. The retail profit was not included in the compensation to which she was entitled.

I am inclined to think the court also erred in excluding the evidence of the witness Holbrook and others as to the correctness of the inventory of goods taken, as put in evidence by the plaintiff, but as the question may not arise in the same form upon a retrial of the action, we will not consider it.

The judgment must be reversed, and a new trial granted.

All concur.

Judgment reversed.