By the Court.—Freedman; J.
The testimony clearly established a case of conversion, and the jury found accordingly. The true measure of damages in such a case, is at least the market value of the goods at the time of the conversion, with interest thereon, and such market value consists of the price at which the goods can be replaced for money in the market (Wehle v. Haviland, 69 N. Y. 448). This, in the case of manufactured goods, does not mean the cost of manufacture, but the wholesale market rate, as manufactured articles, when there is such a rate. It is only when market value cannot be directly shown, that proof of the cost of production and of other facts and circumstances-from which the actual value may be deduced, is of any materiality, and then the value thus established is' deemed to be the market value.
In the case at bar the plaintiff showed, circumstantially, that the books in question had a market value , that the wholesale rate was $2.25 per copy, less 25 percent. discount, and that from five to six hundred; copies had been sold at that fate to various booksellers-whom he named. As this testimony had reference to-actual sales in the market, it was the best evidence the-case was capable of. The defendant did not contradict-this testimony, but sought to show, in mitigation, as he claimed, the small scientific value of the books and what it would cost to reproduce'- the same number he had converted. As the case stood, the proposed evidence was properly rejected.
Upon full examination, I can find no ground for reversal. The case was fairly submitted to the jury. *372 and their verdict is within the range of the testimony which could be- properly considered.
The judgment and order should be affirmed, with costs.
Sedgwick, Ch. J., concurred.