ROSWELL L. COLT, Appellant, *v.* WILLIAM F. OWENS et al., Respondents.

Defendants purchased and agreed to carry certain shares of stock for plaintiff until instructed by him to sell, or for a period of six months. No money was paid by plaintiff on account of the purchase, but he gave

defendants the guaranty of a third party against loss. Defendants sold the stock without authority, and notified plaintiff thereof. In an action to recover damages, it appeared that for thirty days after such sale the stock could have been purchased in the market for the price at which it was sold, or for a less price. *Held,* that plaintiff, having had a reasonable time after notice of sale to replace the stock, was only entitled to recover nominal damages.

Also, *held* a refusal to submit to the jury the question as to what was a reasonable time was not error.

(Argued October 26, 1882 ; decided November 21, 1882.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 13, 1881, which affirmed a judgment in favor of plaintiff for six cents damages and six cents costs. (Reported below, 15 J. & S. 430.)

This action was brought against defendants, who were stock brokers, for alleged breach of contract, the substance of which, as well as the material facts are stated in the opinion.

*Adolphus D. Pape* for appellant. Plaintiff had supplied defendants with an acceptable guaranty, and his rights were the same as though he had paid the purchase-money in full. (*Suydam* v. *Jenkins,* 3 Sandf. 620 ; *Page* v. *Fowler,* 39 Cal. 412 ; *Sturges* v. *Keith,* 57 Ill. 451 ; Sedgwick's Leading Cases on Damages, 561–623.) The court erred in not allowing the jury to pass upon the question whether the time between the sale and the rise of the stock was sufficiently reasonable to enable plaintiff to indemnify himself. (*Baker* v. *Drake,* 66 N. Y. 523.)

*Freling H. Smith* for respondents. Assuming that defendants were guilty of a technical conversion of the stock, they were liable for only nominal damages, as it was incumbent upon plaintiff to lessen the damages, as far as he could do so by any acts of his own. (*Hamilton* v. *McPherson,* 28 N. Y. 72 ; *Clark* v. *Marsiglia,* 1 Denio, 317 ; *Dillon* v. *Anderson,* 43 N. Y. 72.) The only damages a customer can recover from a broker for an unauthorized sale of stocks, carried on margin for speculative purposes, is the advance (if any) in the market price of the stocks, from the sale to a reasonable time after

notice thereof is received by the customer. (*Baker* v. *Drake*, 53 N. Y. 211; *S. C.*, 66 id. 518; *Gruman* v. *Smith*, 81 id. 25.) Plaintiff had reasonable time, after receiving notice of the sale, in which he could have repurchased the stocks at a lower price than they were sold for. (*Burridge* v. *Anthony*, N. Y. Daily Reg., April 30, 1880.)

MILLER, J. This case involves a question as to the measure of damages upon a sale of stock, which the defendants purchased and agreed to carry for the plaintiff until instructions were given by him to sell, or for a period of six months. A guaranty was given to the defendants by another party against loss, and the defendants, upon being notified by the guarantor that he withdrew his guaranty, gave notice thereof to the plaintiff that, unless he placed a margin in their hands at a time named upon the next day, they would close out the stock at that time. This not being done the stock was sold. It may be assumed that the sale was unauthorized, and the main question presented relates to the rule of damages. The testimony shows that for thirty days after the sale this stock could have been purchased in the market for the price at which it was sold or for a less sum, and the court held that only nominal damages could be recovered, and directed a verdict accordingly.

In *Baker* v. *Drake* (53 N. Y. 211; 13 Am. Rep. 507), it was held in this court that where a broker purchases stock upon a margin for a customer and makes an unauthorized sale of the same the principal has a right to disaffirm the sale and to require the broker to replace the stock, and upon failure or refusal to do this the remedy of the principal is to replace it himself, and the advance in the market price, from the time of the sale up to a reasonable time to replace it after notice of the sale, affords complete indemnity, and is the proper measure of damages.

If this rule be applicable to the facts presented in the case at bar, then no error was committed by the judge in his direction to the jury. It is urged, however, by the counsel for the appellant that as the plaintiff had supplied the defendants with an acceptable guaranty, his rights were the same as if he

had paid the purchase-money in full, and that in such case the rule stated does not apply. In the case cited it is laid down that where the stocks have been paid for and are owned by the person for whom they are purchased different considerations would arise (53 N. Y. 217), and that it is unreasonable to require him to pay it the second time, and, therefore, all fluctuations in price should be at the risk of the vendor who refuses to deliver, while retaining the purchase-money. (Id. 223.) In the case at bar it does not appear that the plaintiff had paid any money on account of the purchase of the stock, or that the withdrawal of the guaranty, or the arrangement between the plaintiff and the guarantor was founded upon any payment made by the plaintiff to the guarantor. As it stands he had not parted with any money on account of the stock, and hence did not occupy the position of one who had absolutely paid the purchase-price of the stock, and is not brought within the exception referred to in the opinion in the case cited. It cannot, therefore, be said that the case is one where the consideration has been paid; nor does the fact that a guaranty was given change the rule of damages or entitle the plaintiff to the application of a different rule than the one upon which the decision was based.

The plaintiff not having paid or become liable to pay any money on account of the guaranty, the question considered is settled by the case cited. (See also *S. C.*, reported in 66 N. Y. 523; and *Gruman* v. *Smith*, 81 id. 25.) There was, we think, no error on the trial in refusing the application of the appellant's counsel to permit the question, as to what constituted a reasonable time, to go to the jury. The plaintiff had ample time to replace the stock, if he had concluded to do so, before it advanced beyond the price paid for it. It did not reach such price until some time after notice of the sale, and as it is apparent that the plaintiff had a reasonable time within which to purchase the stock after notice of the sale, there was no question for the jury in this respect.

The judgment should be affirmed.

All concur.

Judgment affirmed.