SIMIS *v.* N. Y., LACKAWANNA, ETC., R. Co.

(New York Common Pleas — General Term, November, 1892.)

Conditions upon which a railroad ticket is issued, and printed thereon, are considered in the nature of a contract in writing.

Admissions of evidence to the effect that at the time of the purchase of the ticket it was orally agreed to issue a duplicate in case of its loss, violates the familiar rule that an instrument in writing may not be added to by proof of a contemporaneous oral understanding, and that the writing, if not ambiguous, except in cases of fraud, accident, surprise or mistake, is conclusive of what the parties have agreed.

Evidence of a custom is admissible only when its office is to remove an ambiguity or to clear up some obscurity, and is, therefore, incompetent when offered to show that defendant had frequently issued duplicate tickets in lieu of lost ones, or had agreed to do more than the language of the contract expressed or by implication required.

APPEAL from a judgment of a District Court.

Action to recover the amount paid for a railroad ticket, by the terms of which plaintiff and the members of his family were entitled to twenty-five trips upon defendant's railroad within one year from its date, upon presentation of the ticket to the conductor and ferry-master on the occasion of each trip, the ticket having been issued in consideration of the payment of a reduced rate of fare, and defendant having refused to issue a duplicate in lieu of the original, which was lost before its use was attempted.

*Adolph Simis, Jr.*, for plaintiff (respondent).

*Charles Steele*, for defendant (appellant).

BISCHOFF, J.    The main questions sought to be presented on this appeal are whether, without any stipulation to that effect, defendant was bound to issue another ticket in lieu of the one lost to enable plaintiff to secure the trips which he had paid for ; whether for a refusal so to do it is answerable in damages, and whether the mutual rescission of the contract, of which the ticket was only the evidence, did not require defendant to restore the sum paid in consideration of its promise to accord the trips.    It is to be regretted that the admission on the trial of incompetent evidence, under objection and exception by defendant's counsel, for which a reversal of the judgment is imperative, renders their discussion futile.

That the conditions upon which the ticket was issued were printed, made the contract entered into none the less one in writing (*Benson* v. *McMahon*, 127 U. S. 467 ; Lawyer's Co-op. Ed. book 32, p. 234), and the admission of evidence offered for plaintiff to the effect that at the time of the purchase of the ticket defendant's agent orally agreed to issue a duplicate in case of its loss, violated the familiar rule that an instrument in writing may not be added to by proof of a contemporaneous oral understanding, and that the writing, if not ambiguous, except in cases of fraud, accident, surprise or mistake, is conclusive of what the parties have agreed.    1 Greenl. Ev. § 275.

To establish a custom by defendant of issuing duplicate tickets in lieu of those lost, plaintiff was permitted to introduce evidence to the effect that defendant had frequently issued them.    Evidence of a custom, however, assuming the acts of issuing duplicates on other occasions to be such, is admissible only when its office is to remove an ambiguity, or to clear up some obscurity (*Silberman* v. *Clark*, 96 N. Y. 522 ; *Barnum et al.* v. *Merchants' Fire Ins. Co.*, 97 id. 188, 193 ; *Hopper* v. *Sage*, 112 id. 530, 534 ; *Newhall* v. *Appleton*, 114 id. 140, 143), and it is incompetent when offered to show that one of the contracting parties agreed to do more than the language of the contract expressly or by implication requires. *Baker* v. *Drake*, 66 N. Y. 518 ; *Oelricks* v. *Ford*, 64 U. S. 65 ; Lawyer's Co-op. Ed. book 15, p. 534 ; *Dewitt* v. *Berry*,

134 U. S. 306; Lawyer's Co-op. Ed. book 33, p. 896.   For the errors above mentioned the judgment must be reversed.

Judgment reversed and new trial ordered, with costs to abide the event.

GIGERICH, J., concurs.

Judgment reversed, new trial granted, costs to abide the event.