## WASHBURN v. CORLIS.

(City Court of Brooklyn, General Term.  December 27, 1892.)

1. SALE—RIGHT TO RESCIND—RETAINING BENEFITS.
   Where a purchaser of horses has assigned to the seller a lease of the stable wherein he has placed them, as security for the execution and delivery by him of a chattel mortgage on the horses for the purchase price, the seller cannot rescind the sale for the purchaser's fraud in inducing it, and at the same time avail himself of the benefits of the lease by taking possession of the stable and seizing the horses.

2. SAME—LIABILITY OF SELLER FOR CONVERSION.
   The purchaser being ready and willing to execute the chattel mortgage, as provided in the contract of sale, the seller is liable for a conversion in seizing the horses when he took possession of the stable.

3. SAME—MEASURE OF DAMAGES.
   On the question of damages, the seller's right to a chattel mortgage entitles him to be treated as if the mortgage had been actually executed; and, since the measure of damages in an action by a mortgagor for a conversion of the mortgaged chattels by the mortgagee is the value of the property, subject to the amount of the mortgage, a verdict for the full value of the horses, in favor of the purchaser, who had paid no part of the purchase price, is erroneous; there being no allegation in the complaint as to exemplary damages.

4. APPEAL—REVERSAL—EXCESSIVE DAMAGES.
   The damages being excessive, and it appearing that a judgment against the purchaser for the purchase price would be worthless, the judgment entered on the verdict will be reversed, and a new trial granted, though none of the exceptions taken at the trial would entitle the seller to a reversal.

Appeal from trial term.

Action by Charles M. Washburn against George F. Corlis for conversion of horses sold by defendant to plaintiff.  There was a verdict in plaintiff's favor, and defendant appeals.  Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Nichols & Bacon, for appellant.
William J. Gaynor, for appellee.

CLEMENT, C. J.  The questions of fact in this case have been passed upon by a jury, and we therefore must assume the truth of the testimony of the witnesses called by the plaintiff.  The defendant, who was an undertaker, and also in the livery business, sold to plaintiff certain horses and carriages for the sum of $6,000, and, as he was retiring from the livery business, agreed to give his patronage, as undertaker, to plaintiff.  The sale was entirely on credit, and plaintiff was to give back a purchase-money chattel mortgage, to be payable in monthly installments of $250.  The defendant gave the plaintiff a bill of sale, and delivered possession of the property, and received an assignment of the lease of the stable occupied by plaintiff, though possession was retained by the said plaintiff.  The assignment of the lease was given as security to the defendant that plaintiff would deliver the mortgage.  There was delay in the execution of the mortgage, by request of the defendant, who was desirous that the plaintiff should try to raise $3,000 in cash, and pay the same on account of the purchase price.  The plaintiff was unable to pay any cash, and notified defendant that he stood on the

original arrangement. The lease was assigned on October 2, 1891, and on November 7th, the defendant, in the absence of plaintiff, went to his (plaintiff's) stable, and took and retained possession of the same, and converted to his own use the property which had been sold. This action was brought to recover damages for the conversion of the personal property. A verdict was rendered at the trial for $6,000, which was subsequently reduced to the sum of $4,500, the value of the property as proven by plaintiff.

We think that the learned trial judge properly refused to charge the request that, if the plaintiff was guilty of fraud in inducing the sale, then defendant was entitled to repossess himself of the property. It is difficult to see how the question of rescission was in the case. If the defendant received the lease as security, he could not rescind the sale, and at the same time take possession of the stable. The lease was for 10 months, from July 1, 1891, to May 1, 1892, and the defendant took and retained possession of the stable without the shadow of right. The plaintiff was entitled to the possession of the personal property, provided he executed the chattel mortgage for $6,000, payable in monthly installments of $250, and provided he did not make default in his payments. The plaintiff was ready and willing to carry out his agreement, and the defendant was liable for a conversion.

The judgment appealed from cannot be reversed on any exception, and yet we are satisfied that the verdict, as reduced, is unjust, and should not stand. The attorney for the defendant, at the trial, did not contend that the plaintiff was only entitled to nominal damages, and no exception was taken to the rule of damage laid down in the charge. The action is simply for conversion, and no claim is made in the complaint for loss of use of the property, and no facts are pleaded which might, perhaps, lay the foundation for punitive damages; and plaintiff, on the trial, sought only to recover the value of the property. The measure of damages in an action of trover is the market value of the property. Wehle v. Haviland, 69 N. Y. 448. In this action the plaintiff was only entitled to recover the value of his interest in the property. The value of property in replevin is to be determined by the interest which the successful party has in it. Code, §§ 1726, 1727. The plaintiff was entitled to possession of the property until default in payment on his mortgage. He recovered on the theory that he was ready and willing to carry out his agreement with defendant, and his damages were no greater than if the mortgage had been actually executed. If the plaintiff had brought replevin, instead of trover, he would have recovered the property, and then the defendant could compel the plaintiff to execute the chattel mortgage agreed upon between the parties. We are of opinion that, on the question of damages, the right to the chattel mortgage is to be treated as if the mortgage had been actually executed and delivered. As between mortgagor and mortgagee, where there has been a conversion by the mortgagee, the mortgagor's interest is the value of the property, subject to the amount of the mortgage. As between the mortgagor and a stranger, such mortgagor is entitled to recover the full value of the property, (Marsden v. Cornell, 62 N. Y. 215,) and is

bound to account to the mortgagee for his interest. Without any authority in point, we should be inclined to hold that the plaintiff in this action could not recover the full value of the property, for which he has paid nothing. It also appears in the case that a judgment against plaintiff for the purchase price would be worthless. The defendant was a wrongdoer, and should be punished in damages, and for trespass in taking possession of the livery stable. On proper allegations, exemplary damages could be recovered, but in this action plaintiff was only entitled to compensation for his loss. Judge Rapallo, in Baker v. Drake, 53 N. Y. 211, says:

"In civil actions, the law awards to the party injured a just indemnity for the wrong which has been done him, and no more, whether the action be on contract or in tort. Except in those special cases where punitory damages are allowed, the inquiry must always be, what is an adequate indemnity to the party injured? And the answer to that inquiry cannot be affected by the form of the action in which he seeks his remedy."

The case of Russell v. Butterfield, 21 Wend. 300, has never been questioned, and seems in point on the question before us for review. See, also, Earl v. Camp, 16 Wend. 562, 571. Judgment and order denying new trial reversed, and a new trial granted, on condition that the appellant pay the costs of the trial and of this appeal within 20 days.