### ROSENKRANZ v. JACOBOWITZ.

(Supreme Court, Appellate Term. June 1, 1906.)

1. CONVERSION—DEMAND—NECESSITY.
   Where one comes lawfully into possession of personal property, a demand by the owner for possession and refusal to deliver are necessary before an action for conversion will lie.

2. SAME—MEASURE OF DAMAGES.
   Where one coming lawfully into possession of personal property refuses to deliver the same on demand by the owner, the measure of damages in an action for conversion is the market value of the goods at the time of the tortious taking, with interest thereon.
   [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 260, 263.]

3. SAME—MARKET VALUE—DEFINITION.
   The term "market value," as applied to goods in such case, is the price at which the goods can be replaced for money in the market.

4. SAME—EVIDENCE—SUFFICIENCY.
   In an action to recover damages for an alleged conversion of a soda water apparatus leased by plaintiff to one of defendant's tenants, evidence *held* insufficient to show the value of the converted property.

Appeal from City Court of New York, Trial Term.

Action by Joseph Rosenkranz against Morris Jacobowitz. From a judgment for plaintiff, and from an order denying his motion for a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

C. Monteith Gilpin (Charles C. Reiley, of counsel), for appellant.

Schleimer & Schleimer (Abraham B. Schleimer, of counsel), for respondent.

GILDERSLEEVE, J. This action was brought by the plaintiff to recover damages for the alleged conversion of a soda water apparatus.

The apparatus had been leased by the plaintiff to a candy store man, who had left the same, upon the premises owned by the defendant, and from which he had been dispossessed by the defendant for non-payment of rent. Demand was made upon the defendant's janitress for the possession of the property, and such demand was refused by direction of the defendant, evidenced by a letter written by him to the janitress and delivered by her to the plaintiff, in which letter he refused to deliver the soda water apparatus until one month's rent was paid. We should not be disposed to interfere with the judgment herein, were it not for the fact that there is no evidence whatever of the value of the converted goods either at or since the time of the conversion. The defendant came lawfully into the possession of the apparatus, and a demand and refusal were necessary before an action for conversion would lie.

The measure of damages in such a case is the market value of the goods at the time of the tortious taking, with interest thereon. The market value is the price at which the goods can be replaced for money in the market. Wehle v. Haviland, 69 N. Y. 448. The only testimony given upon the subject of value was that of the plaintiff, who testified that he gave $520 for the apparatus some time before he leased it to the candy store man, and that of one of his witnesses, who testified that when the apparatus was delivered to the lessee it was worth $550, and that two steel cans which were part of the apparatus were worth $25 each. This was some time before the time of the alleged conversion. On the part of the defendant it was shown that at or about the time of the alleged conversion the plaintiff offered to sell the apparatus for $25. The plaintiff testifies that two days after his lessee had moved from the defendant's premises he went to the store, which was locked, and looked at the apparatus through the window, and it was then "smashed, corners and all," and was of no value, It was not shown by whom it was destroyed. The jury gave a verdict in favor of the plaintiff for $200. There was no evidence upon which such a verdict could have been given.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.