FREDERICK W. BRANCH and OLIVER W. BRANCH, as Executors of the Last Will and Testament of OLIVER E. BRANCH, Deceased, Respondents, *v.* ROBERT G. LATHAM, Appellant.

First Department, February 7, 1919.

**Conversion — evidence — failure of plaintiffs to demand return of securities deposited with defendant for sale.**

Action against stockbrokers to recover for the alleged conversion of securities deposited with them for sale by agents of the plaintiffs.

*Held*, that a judgment for the plaintiffs should be reversed for the reason that they failed to prove a demand upon the defendant to deliver the securities, or a refusal by him to comply therewith, the proper objections and exceptions having been taken at trial.

APPEAL by the defendant, Robert G. Latham, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 16th day of May, 1918, upon the verdict of a jury rendered by direction of the court.

*Charles Fox,* for the appellant.

*Almet Reed Latson* of counsel [*Latson & Tamblyn,* attorneys], for the respondents.

Dowling, J.:

Guilfoy & Sullivan were stockbrokers at Manchester, N. H., having succeeded to defendant's business there, wherein they had both been in his employ. Their standing for business integrity was good until their failure. When they acquired the business, they employed defendant as their New York broker to execute orders for them, agreeing to keep at all times a margin of eight per cent. As securities were received by defendant from the firm, they were placed to the latter's credit in their account and so treated in figuring the margin on hand. On November 16, 1916, Frederick W. Branch delivered to Guilfoy & Sullivan ten Anglo-French bonds of $1,000 each, with an order to sell them at ninety-five, in order that he might pay off obligations of his father's estate. He received a receipt as follows:

" Manchester, N. H. *Nov.* 17, 1916
" Received from F. W. Branch,
Certs. XM 129768 XM 129767 XM 129776 XM 13168 XM 133417 XM 422822 XM 422464 XM 422863 XM 422862 XM 422861 each for $1000, Anglo Fr. 5's making $10000 in all to be sold at 95.

" GUILFOY & SULLIVAN."

On the same day Guilfoy & Sullivan forwarded these bonds to defendant with a letter reading as follows:

" Guilfoy & Sullivan
" Correspondents of
" R. G. Latham
" Member Consolidated Stock Exchange
" of New York
" 13 Mechanics Street
" Manchester, N. H., *Nov.* 17, 1916.
" Mr. R. G. Latham
" New York, N. Y.
" Dear Sir.— Enclosed find Certificates for $10000 Ang French 5's which please sell at 95 and credit same to our

account. We should prefer to have you sell these at 95 straight. We are willing to sacrifice our share of the commission if you will do the same. We dislike very much to have these sold and appear any different from the price at which they are offered. Trusting you can do this, we remain,

" Yours truly,

" GUILFOY & SULLIVAN."

Immediately upon their receipt, defendant placed the bonds to the credit of Guilfoy & Sullivan's account with him, which at the time was short some $8,000, and that firm charged the bonds against appellant on their books. Defendant gave an order for the sale of these bonds at ninety-five, but could not obtain that price for them, and they still remain in his possession. On December 8, 1916, the firm of Guilfoy & Sullivan being financially involved, Frederick W. Branch came to New York and on the following day saw defendant. He told him that the firm was in a great deal of trouble; that one of the firm had disappeared; that he had come to New York as counsel for the firm's customers, and asked to be allowed to go over the books for the purpose of seeing how Guilfoyle & Sullivan's account stood with defendant. He then testified as to the bonds in suit as follows: " Q. What was said about these bonds, if anything? A. I saw these bonds listed on Guilfoy & Sullivan's account, $10,000. I think it was written ' ten,' and then ' M–Anglo-French 5's,' as I remember, and I noticed that the bonds were figured into the balance of the account, and I stated to Mr. Patterson that these bonds had been deposited by my brother and myself with Guilfoy & Sullivan for sale and they were a part of my father's estate. Q. And they did not belong to Guilfoy & Sullivan? Mr. Fox: Objected to. Did you say that? The Witness: I did not say anything about Guilfoy & Sullivan. Q. You said they were a part of your father's estate and belonged to you? A. Yes. By the Court. Q. Tell us all that you said on the subject of these bonds to Mr. Latham. A. I think that is all, your Honor. It merely came up incidentally. I was more interested in the customers' accounts, because I was there as their counsel. I did not have any expectation of having any

trouble about the bonds." On cross-examination Mr. Branch said that he had looked on Guilfoy & Sullivan as being responsible for his bonds and their value, and that on defendant's books the bonds appeared as having been credited to the firm, and he thought the firm's books tallied with the defendant's on that transaction. Plaintiffs sought judgment herein solely for the possession of the bonds and not for their value.

We are of the opinion that the judgment herein must be reversed, for the sole reason that plaintiffs had failed to prove a demand on the appellant to deliver the bonds in suit, and a refusal by him to comply therewith. This objection was properly raised at the trial and exception duly taken. There is no question raised of defendant's good faith in the transaction. He came lawfully into possession of the property, and before he could become liable for a wrongful detention thereof there must be a demand upon him by the rightful owner for the return of the bonds and a refusal on his part. (*MacDonnell* v. *Buffalo Loan, T. & S. D. Co.*, 193 N. Y. 92.) No such demand was ever made upon him, nor was the language used by Mr. Branch, as testified to by him, the equivalent of a demand.

The judgment appealed from must, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

Clarke, P. J., Smith, Page and Shearn, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.