DAVID EISENBERG, Respondent, *v.* IRA HAUPT and Others, Doing Business under the Name of IRA HAUPT & Co., Appellants.

Second Department, April 4, 1932.

*Harold F. Levin* [*I. Cyrus Gordon* with him on the brief], for the appellants.

*Ralph Weller* [*Milton M. Eisenberg* with him on the brief], for the respondent.

PER CURIAM. This is an action by the plaintiff against the defendants, stockbrokers, to recover damages for the alleged conversion of 100 shares of the stock of the Radio Corporation on the 30th day of October, 1929. Defendants claim that, under arrangements with the plaintiff, one Zipkin was authorized to order

the purchase or sale of stock for plaintiff's account. This the plaintiff denies, and Zipkin further denies that he ordered the sale. Defendants' proof is that plaintiff's account and the account of one Gorschen were " applicable to one another " as evidenced by oral testimony and a document signed by Gorschen and Eisenberg. Plaintiff's witness Zipkin testified to the existence of the same arrangement between himself and Gorschen. On the day that plaintiff opened his account the sum of $3,500 was credited to Gorschen's account by a check drawn to the order of Eisenberg by the Cedar Hills Colony, Inc., by Gorschen as treasurer. Plaintiff's claim is that this check was to have been deposited to the credit of his account. That fact, however, is not material under the arrangement with Gorschen. Concededly, it was deposited to Gorschen's account. Plaintiff's account was credited with the proceeds of the sale of the Radio Corporation stock at forty-one, and on the 4th day of November there was a debit balance of $309.85 which was offset by transfer from the Gorschen account. It was stipulated that after the sale the New York Stock Exchange was closed until the sixth of November, from which time and until December fifth the stock was quoted below the price at which it was sold, the quotations ranging between twenty-eight and six-eighths and forty and seven-eighths. Plaintiff testified that he received the notice of sale on November 1, 1929; that he consulted counsel several days thereafter; that he was in New York during the entire month of November and in constant touch with the stock market, and that he could have raised money very easily. Assuming conversion of the stock by the defendants as charged, which finding by the jury we think is contrary to the evidence, upon the admitted facts in this case the question of what was a reasonable time within which plaintiff should have repurchased the stock was one of law for the court. (*Burhorn* v. *Lockwood*, 71 App. Div. 301; *Colt* v. *Owens*, 90 N. Y. 368; *O'Connor* v. *Graff*, 186 App. Div. 116; *Hurt* v. *Miller*, 120 id. 833; *Strickland* v. *Magoun*, 119 id. 113; *Barber* v. *Ellingwood*, *No. 1*, 135 id. 549; *Wright* v. *Bank of the Metropolis*, 110 N. Y. 237; *Mayer* v. *Monzo*, 221 id. 442.) We are of opinion that thirty days was a reasonable time within which plaintiff should have repurchased the stock.

The judgment should be reversed upon the law and the facts, and the complaint dismissed, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, SCUDDER and DAVIS, JJ., concur.

Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs.