*42 OPINION.
Arundell:
Petitioner bases his claim for a deduction in 1928 on the theory that the sale of his stock in January 1928 was an embezzlement thereof. “Embezzlement may be defined broadly as the fraudulent appropriation of another’s property by a person to whom it has been intrusted or into whose hands it has lawfully *43 come.” State v. Cooke, 130 Ore. 552; 278 Pac. 936. In the cited case the Supreme Court of Oregon sustained the conviction of the president of Overbeck & Cooke Co. for embezzlement where the firm had received securities on an order to sell and deliver the proceeds to the owner and, after making the sale, refused to pay over the money. The court there points out that the customer had no general account with the firm, that his relation with the firm was that of principal and agent rather than debtor and creditor, and that a very different relation would have occurred had the customer merely directed the sale of securities and the credit of the proceeds to his account.
The evidence here, in our opinion, does not establish an embezzlement of the stock. The brokerage firm acted within its rights in repledging the stock with Logan & Bryan as security for its marginal account with the latter. Richardson v. Shaw, 209 U.S. 365, 379.
The established rules in such cases are set forth in Rothschild v. Allen, 90 App. Div. 233; 86 N.Y.S. 42; aff'd., 73 N.E. 1132, as follows:
* * * The relation which is established between the broker and a customer who buys stocks upon margin is that of pledgor and pledgee. The legal title to the stocks is in the purchaser, and the brokers are the pledgees of the same for the repayment of all advances made by them in connection with the transaction. Markham v. Jaudon, 41 N.Y. 235; Baker v. Crake, 66 N.Y. 518, 23 Am. Rep. 80; Gillett v. Whitting, 120 N.Y. 402, 24 N.E. 790. Under such relation the broker has the right to pledge the stocks and obtain from the pledgee advances of money thereon, and the latter, by such transaction, obtains a good lien thereon which he may enforce by a sale of the pledge without notice to the owner of the legal title, and without incurring any liability to him therefor, or to the broker making the pledge. * * *
The duty of Overbeck & Cooke Co. was not to deliver the specific securities purchased for petitioner, but to keep on hand or under their control either those securities or a like kind and amount so as to be able to make delivery when petitioner paid up his account and made demand for the stock. The act of the firm in placing itself in the position of being unable to deliver, by failure to meet its obligation to Logan & Bryan, perhaps constituted a conversion for which it would be liable to petitioner in a civil suit had he made demand for his stock. Rothschild v. Allen, supra. But it is stipulated that petitioner made no demand; hence, it is at least doubtful whether he could maintain an action in trover for conversion. MacDonnell v. Buffalo L. T. & S. D. Co., 193 N.Y. 92; 85 N.E. 801; Branch v. Latham, 174 N.Y.S. 295; Jeffries v. Pankow, 112 Ore. 439; 229 Pac. 903.
Thus, as we view the case, petitioner has failed to establish that his relation to the firm in 1928 was other than that of a creditor. According to the testimony the claim of petitioner against Overbeck & Cooke Co. was treated by the bankruptcy court as only a general *44 claim, and he shared in the distribution as a general creditor. Those customers who made demand for stock purchased for their accounts by the bankrupt were accorded a preferred status in the distribution of the estate.
In view of the above, petitioner’s right to a deduction, if any, must be under the bad debt provisions of the taxing statute. He must fail under these provisions because he has established neither an ascertainment of worthlessness nor a charge-off within the year. Throughout the entire year 1928 the trustee in bankruptcy was of the opinion that there would be sufficient l'ecoveries so that there would be no loss to creditors. There is no evidence that petitioner had any information different from that of the trustee upon which he could predicate a claim of ascertainment of worthlessness.
On brief counsel for respondent states that, by reason of discovery of an error, a deficiency of $450.55 is now claimed.

Decision will be entered for the respondent in the amount of $4-60.55.