Cameron v. Wells.

IRA CAMERON v. WILLIAM W. WELLS.

*Contract.   Reasonable time.*

The defendant, in 1850, made the following written agreement with the plaintiff: "Received of Ira Cameron fifty dollars, in part for two hundred bushels of corn, this day sold him, of which I have delivered twenty bushels, and the balance (one hundred and eighty bushels) is due him on demand at my mill, at seventy-five cents per bushel, to be paid for on delivery." Soon after the date of the contract, the plaintiff received and indorsed upon the contract, ninety-four bushels more, and paid for them according to the terms of the contract, corn at that time being worth seventy-five cents per bushel. Nothing further passed between the parties until 1855, when the plaintiff demanded the residue of the two hundred bushels, and offered to pay for it at seventy-five cents per bushel, but the defendant refused to deliver the corn, which at that time was worth eight shillings per bushel; whereupon the plaintiff brought an action for the breach of the contract. The county court decided that the legal effect of the contract was, that the plaintiff was to call for the corn within a reasonable time, and that he had not done so, and therefore rendered judgment for the defendant. But the supreme court held that the defendant was not entitled to judgment on this ground, especially, in the absence of any evidence that he had ever requested the plaintiff to call for and take the residue of the corn. The court, however, interpreted the contract as entitling the plaintiff, within the limits of two hundred bushels, to take at his option, more or less; that he exercised that option, when he took the last lot indorsed upon the contract, not to take any more, and that the defendant had acquiesced therein; and that the contract had thus practically been fully performed on both sides, and therefore, that the plaintiff could not recover.

Reasonable time does not begin to run, until some one interested in the matter calls for something to be done respecting it.

ASSUMPSIT upon a written contract, which, with the facts in the case, appears in the opinion of the court. The county court, at the March Term, 1857,—POLAND, J., presiding,—rendered judgment for the defendant, to which the plaintiff excepted.

*Heaton & Reed,* for the plaintiff.

I. The decision of the court below, that the legal effect of the contract required the plaintiff to call for the corn in a reasonable time, is an error.

1. The parties have agreed on the precise time, on *demand,* and so stipulated in their written contract.

When you attempt to make any other contract for the plaintiff, he may well say, *non in haec foedera veni.*

2. When there is an express contract between the parties, none

Cameron *v.* Wells.

can be implied ; *Toussaint* v. *Martirnant*, 2 Term 105 ; *Cutter v. Powell*, 6 Term 324 ; *Webb v. Plummer*, 2 B. & Ald. 750 ; *Roberts* v. *Barker*, 1 C. & M. 803.

The old maxims, " *Expressum facit cessare tacitum,*" " *Expressio unius est exclusio alterius,*" are among the fundamental rules of construction ; Broom's Legal Max. 141, 143.

3. To annex any legal incident to this contract in a matter in which it was silent, a custom or usage should have been proved ; 1 Greenl. Ev. Sec. 292, 294 ; 3 Phil. Ev., Cow. & Hill's notes, n. 974, p. 1454 ; *id.* n. 957, p. 1412.

But where there is a special contract, no usage can be proved ; *Glendale Woolen Co.* v. *Protection Ins. Co.*, 21 Conn. 18 ; *Atwood* v. *Cobb*, 16 Pick. 231.

II. " Reasonable time will not begin to run, until some one interested in the matter calls for something to be done about it ;" *Graham* v. *Van Dieman's Land Co.*, 30 Eng. Law & Eq. 573, page 579. And here the defendant never requested the plaintiff to take the corn.

III. When a contract is silent as to the period of performance, *then and then only*, does the law imply an agreement that it shall be executed in a reasonable time ; Chitty on Con. 730 ; 2 Parsons on Con. 47, 173, and cases cited in notes ; 3 Sumner 530 ; 3 M. & W. 445 ; *Morse* v *Bellows*, 7 N. H. 540, 566.

*Dillingham & Durant*, for the defendant, cited *Atwood* v. *Emery*, 38 Eng. Law & Eq. 178 ; *Morse* v. *Bellows*, 7 N. H. 540 ; *Lowry* v. *Adams*, 22 Vt. 160 ; 1 Parsons on Cont. 444 ; 2 *id.* 12–47 ; 9 Pick. 304 ; 3 Johns'. Cases 64.

The opinion of the court was delivered by

BARRETT, J. This case, in some respects, is of novel impression. The contract on which the plaintiff claims to recover in this suit, is evidenced by a writing as follows :

" Received of Mr. Ira Cameron, fifty dollars, in part for two hundred bushels of corn, this day sold him, of which I have delivered twenty bushels, and the balance (one hundred and eighty bushels), is due him on demand, at my mill, at seventy-five cents per bushel, to be paid for on delivery.

    (Signed)       WM. W. WELLS."

Waterbury, February, 11, 1850."

Cameron *v.* Wells.

From time to time, between the date of the contract and the 3d of the next May, the plaintiff received and indorsed on the contract, ninety-four bushels more, and paid therefor, agreeably to the terms of the contract. Nothing passed between the parties in relation to the contract, from said 3d of May, 1850, till the spring of 1855, when the plaintiff demanded the residue of said two hundred bushels of corn, and offered the money to pay ·for the same, at seventy-five cents per bushel. The defendant refused to deliver the corn, which, at this time, was worth eight shillings per bushel. The county court considered the legal effect of the contract to be, that the plaintiff was to call for the corn in a reasonable time, and found that he had not done so, and therefore rendered judgment for the defendant.

This case differs from most of the cases that have come under our notice, in the fact that the plaintiff is not complaining of a breach of the contract by the defendant, in not delivering the corn in reasonable time. The defendant was not bound, by the terms of the contract, to deliver it, till it should be called for at his mill. Considered *merely in reference to its words*, the contract would seem to bind him to deliver it when demanded, and to leave the plaintiff to choose his own time for making the demand. The plaintiff has made a demand, and on the refusal of the defendant to deliver it, has brought his suit upon the contract, for the breach of it. The defendant claims that he is under no liability under the contract. If he is not, it must be because, either by the contract the plaintiff was bound to make the demand in reasonable time, and has not done so,-or, he has released the defendant by having abandoned the contract, or the defendant has performed it according to its true intent and meaning.

As to the second ground above suggested, it is sufficient to remark, that the court below have not found the fact of release or abandonment by the plaintiff, and therefore that ground of defence does not come in consideration in this court.

The case was decided by the county court upon the ground that, by the contract, the plaintiff was bound to demand the corn in reasonable time, and not having done so, he fails in a condition precedent, upon which his right to enforce the contract against the defendant depended.

---

Cameron *v.* Wells.

---

Now the contract does not specify that the plaintiff is to demand and receive the corn in *reasonable time*. Nor is it merely silent as to delivery. It specifically provides *when*, not indeed, by naming specific days, but by specifying the event which is to fix the time of the delivery, namely, the demand of the plaintiff. The question then is, does the law imply, as a part of the contract, that the demand was to be made in reasonable time.

Upon this question, in this case, the ordinary position of the parties is reversed, and the defendant is asserting a right against the plaintiff, arising from a breach of the contract by the plaintiff.

Suppose the defendant had sued the plaintiff upon the contract, for the pay for the corn, on the ground that he was bound to take it in reasonable time, and thereupon pay for it, but had neglected to do so. Would the written contract be plenary evidence to support the declaration? Would there be no hazard of a variance when it should be offered in evidence?

And certainly the defendant would be obliged thus to declare in such a case; for it is quite clear that if he should declare in the terms of the contract, the assignment of the breach would show that no cause of action had accrued.

But there is another view. Suppose the defendant had desired to lay the foundation for an action against the plaintiff, on the ground that he was bound to demand, receive and pay for the corn in a reasonable time, under the contract, could he do it, unless, before the suit was brought, he should call on the plaintiff to take away, and pay for the corn, and be able both to allege and prove the fact, and also that the plaintiff had neglected or refused so to do?

Now in this case, it does not appear that the defendant ever called on the plaintiff, or made any intimation to him to take away the corn. The defendant was as silent on the subject as was the plaintiff, and the plaintiff might infer that the defendant was acquiescing, in letting the matter lie along, awaiting the plaintiff's pleasure in respect to taking and paying for the corn.

There seems to be eminent good sense in the rule announced by MAULE, J., in 30 Eng. Law & Eq. 579, that "reasonable time does not begin to run, until some one interested in the matter calls for something to be done respecting it." We find great difficulty in ingrafting, by implication, into the contract, as one of its terms,

that the plaintiff was to demand in reasonable time, and even if we should so do, we should be unwilling to hold that the defendant should be able to claim the benefit of such an implied fact, when he has done nothing to apprise the other party that he was not acquiescing in the delay in demanding the corn. We think that the rule announced by Justice MAULE, should apply in such a case. See *Jones* v. *Gibbons*, 20 Eng. Law & Eq. 559.

We are, however, pressed with a strong conviction, upon the facts in this case, that the plaintiff would never have called for the balance of the corn, if its price had not risen to more than seventy-five cents per bushel in the market. If the decision of the case had been put on the question of abandonment of the contract by the plaintiff, we think the court below, or a jury, under proper instructions, would have readily found that the plaintiff had abandoned it, and so could not now set it up and enforce it. We think the obvious equities of the case are against the plaintiff's recovery.

There is a view to be taken of the contract, consistent with the result at which the court below arrived, and justified by its terms, taken in connection with the subject matter, and the facts set forth in the case.

We can not regard the parties as having contracted in reference to any specific two hundred bushels of corn, then existing, and set apart as being purchased by the plaintiff. The conduct of the plaintiff having reference to the subject matter, shows that he did not regard himself as entitled or bound, under the contract, to take any such specific corn. We think that he regarded the contract as entitling him, within the limits of two hundred bushels, to take at his option, more or less.

And the conduct of the defendant, in connection with that of the plaintiff, shows that both parties so understood it. In this view, we think that the plaintiff exercised his option, when he had taken the last parcel and paid for it, not to take any more; and that the defendant, since that time, has acquiesced in that exercise of the plaintiff's option, so that both parties are now estopped, as against each other, from claiming anything further under the contract. In other words, we think the contract has been fully performed on both sides, according to the practical construction which both parties mutually gave to it, This is the only view in which reasonable

mutuality of right and advantage between the parties, under the contract, can be secured; and while this view does no violence to the terms of the contract, it, at the same time, avoids any occasion for infringing a settled and wholesome rule of law, and secures both the legal rights and obvious equities of the parties.

Being satisfied, as a result of law, upon the whole case, that the plaintiff is not entitled to recover, though we arrive at that result by a process somewhat different from that pursued by the county court, we should not reverse the judgment.

The judgment of the county court is affirmed.