HUDSON G. BOTTUM *et al.*, Respondents, *against* JOSEPH S. MOORE, Appellant.

(Decided April 5th, 1886).

In an action upon an account stated, the answer set up an agreement between plaintiffs and defendant that the balance of the account should be paid "in installments from time to time as the defendant found it convenient to him to pay the same; and that he should be allowed a reasonable time within which to make such payments." *Held*, that this was an agreement to pay within a reasonable time; and the question what was a reasonable time did not depend upon the ability of the defendant to make the payment, and, there being no dispute as to the facts, it was a question of law which should not be submitted to the jury.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The action was brought to recover $1,827, balance due plaintiffs for losses incurred in transactions in grain and corn speculations conducted by them for defendant. The complaint alleged an account stated on February 6th, 1883, with balance of $6,693 found due to plaintiffs. The answer sets up: 1. That defendant agreed to pay the said balance of $6,693 on representations of plaintiffs that the transactions set forth in the account were actual transactions; and that it was agreed between him and plaintiffs that he was to pay the said balance " in installments from time to time as the defendant found it convenient to him to pay the same, and that he should be allowed a reasonable time within which to make such payments." 2. That the said account was untrue, and did not represent any actual transactions. 3. That the transactions out of which the indebtedness arose were mere wagers on the future market price, and no actual sale and delivery of the grain and other merchandise was intended by the parties.

At the trial, the jury found a verdict for plaintiffs. A motion by defendant for a new trial was denied, and judgment for plaintiffs was entered on the verdict. From the judgment and the order denying a motion for a new trial defendant appealed to the General Term of the City Court, by which both were affirmed, and from this decision defendant again appealed to this court.

*A. J. Dittenhoefer*, for appellant.

*W. S. Logan*, for respondents.

J. F. DALY, J.—[After stating the facts as above].—The plaintiffs made out their cause of action upon an account stated. They were only required to show that the account had been delivered and retained without objection, or to show such circumstances as justify an inference of assent to it (*Stenton* v. *Jerome*, 54 N. Y. 480; *Quincey* v. *Young*, 63 N. Y. 370, 377). The plaintiffs proved a written promise of defendant and acknowledgment of indebtedness to the amount claimed, and the deposition of plaintiff Bottum proved the delivery of an account. The answer alleged the presentation of the account and the promise to pay in installments as convenient, and the agreement that defendant should be allowed a reasonable time within which to make the payments. The account stated was thus admitted. The admission must be taken of course with the qualification stated in the answer.

Conceding that the plaintiffs agreed to receive the balance from defendant in installments when convenient, and that he should have a reasonable time to pay, the plaintiffs were entitled to judgment, because no defense under this agreement was made out. An agreement that the debtor shall pay when convenient is an agreement to pay within a reasonable time (*Howes* v. *Woodruff*, 22 Wend. 640). The question as to what is reasonable time is a question of law unless the facts are disputed (*Roth* v. *Buffalo &c. R. R. Co.*, 34 N. Y. 548). There were no disputed facts in this case.

There was no evidence offered by defendant to show that he had not had a reasonable time within which to pay the balance. It appeared that the account was settled on February 6th, 1883; that the first installment of $2,000 was payable in one month, or March 6th, 1883; that the action was not commenced for a year after the latter date; that defendant had made payments as follows: February 9th, 1883, $500, March 9th, 1883, $1,500, May 17th, 1883, $500, July 3d, 1883, $500, October 18th, 1883, $250, December 15th, 1883, $300, and January 12th, 1884, $1,500, the last payment being in three notes, two of which had not matured at the commencement of the action. The total amount paid in eleven months was $5,050 on the said balance of $6,693. The action was commenced about March 19th, 1884. The defendant, when asked why he had not paid the balance, testified in substance that it was because the balance represented the plaintiffs' commission, and he thought they were not entitled to it, as he believed he had been dealing with them as principals; he also stated that it was not convenient, having paid the sum he had paid already, and that his losses of $11,000 crippled him, and he could not afford to pay it. The only grounds for refusing to pay were, 1st. Because he believed he did not owe; and 2d. Because he had not the money. The first must be disregarded; as to the second, it was no defense. The defendant's ability to pay had nothing to do with the question of reasonable time. The agreement between the parties, as set up in the answer, was not an agreement for defendant to pay when he was able. Such an agreement must be alleged and proved, and when proved the burden rests on the plaintiff to show defendant's ability to pay (*Tebo* v. *Robinson*, 100 N. Y. 27). No such agreement was pretended in this case.

What is a reasonable time within which to pay a sum of money depends upon the circumstances of the case, but does not depend upon the ability of the debtor to earn or make the money. It has been said that the law presumes that the debtor does not require more than a business day to pay a sum of money which he has contracted to pay

Bottum v. Moore.

(JONES, J., in *New Haven &c. Co.* v. *Quintard*, 6 Abb. Pr. N. S. 128). Of course in a case like the present, more is meant by reasonable time than is usually understood by payment in the ordinary course of business. In the case of *Howes* v. *Woodruff* (cited above), it is said that where the agreement is to pay within a reasonable time, payment is not due on demand; and in that case, which was an action to recover $340.35, the court could not say that more than a month or two was reasonable or necessary to pay so small a sum. The nature of the transactions between the parties, their magnitude, and the course of dealing, particularly as to cash payments, furnish a guide in every case. In this case, for instance, we have speculations on one account, viz.: "May wheat," to the amount of over $76,000 purchases, and over $82,000 sales in the period of a little over a month, and in lard, corn and pork to the amount of nearly $8,000 purchases, with cash payments by defendant in three months aggregating $5,392.50. Now, when a balance between the parties is struck, and $6,693 is found due, and when payments on account thereof to the amount of $5,050 are made in eleven months at the intervals above stated, it cannot be said, that for the payment of the balance sued for, $1,827.99, two months' time, which was the period that elapsed between the last payment and the commencement of the action, was not a reasonable time. The City Court held that it was, and we cannot reverse the judgment on that point. The exceptions on this branch of the case were to rulings of the trial judge, that an agreement to pay when convenient was void, and that the money became due immediately, and that the agreement for time was without consideration and void. None of these rulings injured the defendant, any more than the refusal to charge the jury that, if they found the agreement to be that defendant was to pay when convenient, they must find for defendant. There was no question to submit to the jury on the agreement as to payments. There was no conflict or dispute of fact as to reasonable time; it was a question of law, as has been stated above, for the court, and it would have been error to

submit it to the jury (*Hedges* v. *Hudson River R. R. Co.*, 49 N. Y. 223). As it was a question for the judge at trial term to decide, he did practically decide it by refusing to submit it to the jury. Whatever reason he may have given, his course was proper. The affirmance of the judgment and of the order refusing a new trial by the General Term, puts the decision of the City Court beyond a doubt.

The trial judge did not err in refusing to hold or charge that the transactions between plaintiffs and defendant were void, as being in violation of the statute against gaming and betting. He submitted to the jury the question whether the parties intended to deliver the merchandise bought and sold, in good faith. The plaintiffs swore that they transmitted the defendant's orders to Chicago, where the sales and purchases were made in the Chicago Board of Trade, and that they acted as brokers for defendant. The plaintiffs' evidence required this question to be submitted to the jury.

The judgment and order appealed from should be affirmed, with costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Judgment and order affirmed, with costs.