## MACKAY *v.* KAHN.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. ACTION ON ACCOUNT—RETURN OF DUE-BILL AS CONDITION PRECEDENT.

Where a person gives a due-bill for an account, which expressly says that it is not to be negotiated, and that no suit is to be brought on it, its return cannot be required as a condition precedent to the maintenance of an action on the account.

2. ACCOUNT STATED—EVIDENCE.

Proof of monthly statements, rendered a person as debtor, that no objection was made thereto by him, and that he afterwards conceded an indebtedness, and gave his due-bill therefor, is sufficient evidence of an account stated.

Appeal from eighth district court.

Action by David Mackay, Jr., against Aaron Kahn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*L. B. Bunnell,* for appellant. *Maclay & Forrest,* for respondent.

PER CURIAM. This was an action upon an account stated between the parties for work, labor, and services rendered and materials furnished by the respondent to the appellant. The appellant does not seek a reversal because substantial justice has not been done by the judgment, but on technical grounds, which leave unaffected the defendant's liability for the amount claimed and recovered; but insists that before commencing his action the respondent took what is claimed to be a due-bill from the appellant, which he neither returned, nor offered to return, before or at the trial. The paper referred to by the appellant as a due-bill is not in reality such, but a mere acknowledgment of indebtedness, and of the correctness of the accounts before rendered to him. It expressly says that it is not to be negotiated, and that no suit was to be brought upon it. Therefore the return of that paper could not be required as a condition of maintaining the action.

The plaintiff proved that monthly statements of the account for labor and materials were rendered the defendant, in which he was named as debtor, and that no objection was offered to any of them by the defendant; and that he afterwards verbally conceded an indebtedness of $100, and gave the paper

which has been before referred to. This was sufficient evidence of an account stated. *Bottum* v. *Moore*, 13 Daly, 464; *Paper Co.* v. *Moore*, 104 N. Y. 680, 10 N. E. Rep. 861; *Horton* v. *Brown*, 102 N. Y. 698. It cannot be successfully contended that this alleged due-bill should have been sued upon instead of the account, when by its very terms it was not to be. It is contended that there was a dispute as to the amount of plaintiff's claim, and the paper acknowledgment was the result of a compromise, and therefore it became a substitute for plaintiff's original claim. But we think the evidence utterly fails to disclose any proof that the account was ever disputed. The defendant's own testimony is to the effect that the acknowledgment was given to show that the work had been done on the property, and what the amount of it was, in order that Mr. Mackay might show it to his creditors, and thereby increase his credit. The additional amount of $2.26 was not successfully disputed. The judgment should therefore be affirmed, with costs.