ABBEY v. MACE et al.

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. ACTION ON CONTRACT—TIME OF PERFORMANCE—QUESTION FOR JURY.

In an action on a contract whereby plaintiff agreed to do work on certain articles to be supplied him by defendants, no time for such delivery being named, where the evidence was conflicting as to when plaintiff was ready to do the work, and as to the time of his request for delivery, the questions of breach of contract and of reasonable time for delivery were properly left to the jury.

2. SAME—DAMAGES.

Damages, covering plaintiff's expenditure in the preparation of machinery, power, space, etc., for doing the work, and the value of his time, computed on the wages he was receiving prior to the contract, are not excessive.

Appeal from trial term.

Action by Hartwell Abbey against Levi H. Mace and others to recover damages for breach of contract to deliver certain bread boards to plaintiff for decoration by him. From a judgment for plaintiff, and an order denying their motion for a new trial, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Martin J. Keogh,* for appellants. *Abbott Bros.,* for respondent.

BOOKSTAVER, J. This action was brought to recover damages for alleged breaches of a contract entered into between the plaintiff and defendants on the 5th of January, 1891, whereby the defendants agreed to deliver to the plaintiff, ready for decoration, 2,000 dozen bread boards, to be decorated by him with such designs as defendants might select, for which defendants were to furnish the die, if it did not exceed in cost $35. The agreement further provided that the work of decoration should be done in a proper and satisfactory manner, or, if not, that the agreement should be canceled, and

that meanwhile the plaintiff should not furnish decorations on bread boards in any design to any one else than the defendants. The work to be done by the plaintiff under this agreement was ·to be by machinery, and was somewhat experimental in its character, as nothing of the kind had before been attempted. It took him some time to prepare the machinery for this work, and how much time he took was one of the questions in dispute; plaintiff claiming. that he had his machinery in working order as early as March, while the defendants claimed it was much later. There was contradictory evidence upon this subject; but, nevertheless, it is clear that the defendants also had difficulty in preparing the·plain wooden plates which were to be delivered to the plaintiff for decoration. Various experiments were tried to turn them by hand and by machinery, so as to make them uniform in size and uniform as to the bevel of the edge, which was necessary in order to properly decorate them, but they all failed. The evidence, however, shows that the work could have been done by a skillful workman with an ordinary lathe, although this would have taken a longer time.

When the plaintiff rested his case the defendants moved to dismiss the complaint on the grounds that the contract, by its terms, fixed no time for performance on the part of either party, and it was necessary, in order for plaintiff to recover, to show that he had limited the time for performance by giving the defendants notice that they·must do so within a fixed time, which had expired; and, *second,* on the ground that no breach of contract had been shown. It is true that the contract does not fix the time within which the work was to be done, but it by no means follows that the plaintiff was bound to give the defendants notice to perform. It was always their duty to do that; without notice, and where no time is fixed in the contract itself the thing to be done must be performed within a reasonable time. *Bottum* v. *Moore,* 13 Daly, 464; *Wright* v. *Bank,* 110 N. Y. 237, 18 N. E. Rep. 79; *Colt* v. *Owens,* 90 N. Y. 368; *Hedges* v. *Railroad Co.,* 49 N. Y. 223; *Roth* v. *Railroad Co.,* 34 N. Y. 548. It is quite true that the question as to what is a reasonable time is a question of law, unless the facts are disputed. See *Roth* v. *Railroad Co., supra.* But in this case there was a wide divergence in the testimony as to when the plaintiff was ready with his machinery to do the work, and when he requested the defendants to deliver the plain plates, and also as to whether or not the plaintiff agreed to wait until the defendants should give him notice that they were ready to furnish the plates. Under these circumstances, we do not think the court erred in refusing to decide, as a matter of law, that there had or had not been any breach of the contract, or whether defendants had or had not furnished the plates within a reasonable time, but properly left both of these questions to the jury.

On the coming in of the verdict, the defendants moved to set it aside, and for a new trial, because it was contrary to the evidence. As before stated, there was a conflict of evidence on the vital points in the case, all of which were supported with more or less testimony by both parties; and, on the careful review of it, we do not think there is such a preponderance of evidence in defendants' favor as would warrant us in setting aside the verdict, especially as there does not appear to have been any passion or prejudice exercised on the part of·the jury, or any improper influence used on them in obtaining their verdict.

The motion for a new trial was also based ·on the ground that the verdict was for *excessive damages;* but from plaintiff's testimony, which was apparently believed by the jury, it appears that he had spent at least $500 in the preparation of machinery, power, space, and die, for doing the work, and that he had devoted 156 working days in getting ready for the work, and in and about the business, and that before that time he had been earning $3 a day, which would make $468, or a total of $968, time and money, actually expended upon the work; and interest on that from the commencement of

the action to the rendering of the verdict, makes the sum of $997.04, the amount found by the jury, which demonstrates that they allowed nothing whatever for profits or for other expenses, and we think it was a just and proper amount, under the circumstances. It is true that at the request of plaintiff's counsel the judge, after charging the jury that the plaintiff, before entering upon this contract, was earning three dollars a day, and it would be proper for them to allow that amount for his services for the time actually spent in attempting this contract, subsequently charged in effect that, he being an expert mechanic, they might allow him more. This, we think, was error, but it is manifest from what has been said that it was an error which did not prejudice the decision, as the jury only allowed plaintiff three dollars a day for his services; and the court, in charging the jury, was careful to state to them that they could allow only for the time actually employed in attempting to fulfill his part of the contract. So too, it was error to charge that the total sum for which they might find a verdict was $1,274.31. But the judgment of the court below should not be set aside on this ground; for it is manifest that the charge did not mislead the jury, and that they did not act upon it.

There was no error in the admission or exclusion of evidence. The question asked of plaintiff as to whether or not, "from a time in March when the design had been made and approved, and the die manufactured and ready, down to the commencement of this action, were you or not at all times ready to perform the contract which has been put in evidence on your part?" was not objectionable on the ground of assuming facts not previously proved, because all of the facts therein intimated had been proved before that time, although it is true that other dates had also been mentioned. The objection to the question asked of the plaintiff as to what Mr. Mace had said to him during the trial of the action was not well taken. It was a statement as to his feeling in regard to the matter, which could have been contradicted by him at the time if it were untrue, and we do not think the answer could in any way have affected the jury in rendering the verdict they did. Instructions given by the defendants to their workmen, not in the presence of the plaintiff, were properly excluded. The judgment should therefore be affirmed, with costs. All concur.