NEILSEN v. MAYER.

(Supreme Court, Appellate Term. January 7, 1904.)

1. CONTRACTS—PERFORMANCE—REASONABLE TIME.

Where a contract for the sale of a business was made on August 28, 1902, and obligated defendant to procure for plaintiff a lease of the premises for two years from May 1, 1903, but no time was specified within which the lease was to be procured, defendant was entitled to a reasonable time to procure the lease, which did not begin to run until the date from which the new lease was to be given.

2. SAME—DEMAND.

Where a contract required defendant to procure a lease of certain premises for plaintiff for two years from May 1, 1903, but did not specify any time within which the lease was to be delivered, a complaint in an action for breach of such contract, failing to allege a demand for the lease after such date, was demurrable.

3. SAME—PREMATURE SUIT.

Where defendant contracted to procure a lease of certain premises for plaintiff from May 1, 1903, as a part of the consideration for the sale of a business conducted on such premises, an action brought for breach of such agreement before the date when the new lease was to begin was prima facie premature.

Appeal from City Court of New York, Trial Term.

Action by Eugene D. P. Neilsen against Theobald Mayer. From a judgment of the New York City Court in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Charles Brandt, Jr., and Elis S. Schreier, for appellant.
Walter Carroll Low, for respondent.

FREEDMAN, P. J. The complaint in this action is as follows, viz.:

"That heretofore, and on or about August 28, 1902, in the city of New York, the plaintiff purchased from the defendant for the sum of $2,000 a certain stock of goods consisting of candies, toys, and stationery, together with certain fixtures, located in the store at No. 299 First avenue, in the city of New York, borough of Manhattan, and also the good will of the business previously carried on by the defendant in said premises, and that the plaintiff paid to the defendant therefor the sum of $2,000. (2) That the defendant, in consideration of said purchase by the plaintiff, agreed to procure for the plaintiff a lease of the said premises for two years from May 1, 1903, and, in the event of his failure to procure said lease, to repay to the plaintiff the sum of $1,500. (3) That previous to the commencement of this action, and on or

about December 30, 1902, at the city of New York, the plaintiff demanded from the defendant said lease, and that the defendant has failed and neglected to procure said lease for the plaintiff. (4) That previous to the commencement of this action, and on or about the 12th day of January, 1903, the plaintiff demanded from the defendant the payment of the sum of $1,500, and that no part thereof has been paid. Wherefore the plaintiff demands judgment against the defendant for the sum of $1,500 and interest thereon from January 12, 1903, besides the costs and disbursements of this action."

The defendant, by his answer, substantially admitted all the allegations of the complaint except the demand set forth in the third paragraph of the complaint, which he denied, and then set up two distinct defenses, viz.: That on or about the 2d day of February, 1903, the defendant was ready, able, and willing to procure for said plaintiff a lease of the said store for two years commencing on May 1, 1903, and ever since that time has been and still is ready and willing to procure the same for the plaintiff, but that the plaintiff has refused and still refuses to accept the same; and (2) that the plaintiff on or about the 9th day of February, 1903, and for the purpose of preventing the defendant from procuring said lease for two years from May 1, 1903, and without the knowledge and consent of the defendant, procured a lease of said premises for one year from said May 1, 1903, and thereby prevented this defendant from performing his part of the said agreement to procure for the plaintiff a lease of said store. Before the plaintiff opened his case, defendant's counsel made a motion to dismiss the complaint upon the ground that it fails to set up a cause of action, which motion was denied by the court. Plaintiff's counsel then proceeded to make a motion for judgment on the pleadings, which motion was granted, and the jury was directed to find a verdict for the plaintiff in the sum of $1,530. From the judgment entered in favor of the plaintiff this appeal is taken.

I fail to see how this disposition of the issues can be sustained. It is quite true that no time was specified within which the defendant obligated himself to procure said lease for the plaintiff, and that, in the absence of any express provision as to time, the law implies a reasonable time within which performance is to be made. But the term "reasonable time" is a relative one, and its meaning depends entirely upon the attendant circumstances. It has been held in one case to mean as soon as convenient; in another, the least possible time after an event; and in many others it was held that such time must be determined according to the circumstances of the case, and with particular reference to the means and ability of the person by whom the contract is to be performed. Am. & Engl. Encyc. of Law (2d Ed.) vol. 23, p. 971, and cases there cited. For the purpose of determining what is a reasonable time it had been held that evidence of the conversations of the parties may be admitted to show the circumstances under which the contract was made and what they thought was a reasonable time. Cocker v. Franklin Hemp, etc., Mfg. Co., 3 Sumn. (U. S.) 530, Fed. Cas. No. 2,932; Coates v. Sangston, 5 Md. 121. And so it has been held that reasonable time will not begin to run until some one interested in the matter calls for something to be done respecting it. Graham v. Van Diemens' Land Co., 11 Exch. 101, 30 Eng. L. & Eq. 579, quoted in Cameron v. Wells, 30 Vt. 633. The

disposition which was made of the issues in the present case excluded all attendant circumstances, and amounted to a ruling that, as matter of law, no demand was necessary, and that, without any demand having been made, the defendant was bound to procure the lease for the plaintiff before the commencement of the action on February 2, 1903. This was error. In the application of the doctrine of performance within a reasonable time to the contract in question it must be borne in mind that the said doctrine had reference to the time at which or within which the person seeking to apply the doctrine in entitled to enjoy the benefits of his contract. In the case at bar the plaintiff could not enjoy the benefits of the case to be procured for him before May 1, 1903, and consequently the defendant had, prima facie at least, until that day to procure the case. If there were circumstances which, according to the understanding between the parties, called for an earlier performance, the plaintiff was bound to show them, and, if they called for a demand, the plaintiff was also bound to show a sufficient demand. Upon the meager facts which could be taken into account in granting plaintiff's motion for judgment upon the pleadings, the action appeared to have been prematurely brought. The cases cited by respondent's counsel are inapplicable here. In Bottum v. Moore, 13 Daly, 464, there was an express agreement to pay within a reasonable time. In Roth v. The Buffalo & State Line R. R. Co., 34 N. Y. 548, 90 Am. Dec. 736, it was held that the strict accountability of a common carrier of passengers terminates within a reasonable time after the arrival of the baggage at the place of destination, where the carrier is ready to deliver the same to the passenger according to the terms of the contract. In Hedges v. Hudson R. R. Co., 49 N. Y. 223, it was held that a consignee cannot, after notice of the arrival of property for him, defer taking it away while he attends to his other affairs. Colt v. Owens, 90 N. Y. 368, and Wright v. Bank of Metropolis, 110 N. Y. 237, 18 N. E. 79, 1 L. R. A. 289, 6 Am. St. Rep. 356, relate to the duty of parties to replace within a reasonable time stock sold without authority so as to diminish the damages. In Pope v. Terre Haute Car & Mfg. Co., 107 N. Y. 61, 13 N. E. 592, it was held that where an executory contract for the sale of goods contains no provision as to the time when delivery is to be made by the vendor, its legal effect is an agreement to deliver within a reasonable time, and in an action brought by him against the purchaser for the failure of the latter to perform, where by the terms of the contract payment is to be made upon delivery, plaintiff must allege in his complaint and prove upon the trial performance or offer to perform within a reasonable time.

As the reasons already stated necessitate a new trial, it is not necessary to discuss other points urged on the brief of appellant's counsel, except to say that, the law applicable to the case being as stated, it seems that even with the allegation of a demand the complaint is defective in not alleging that the time which intervened between the execution and delivery of the bill of sale and the making of the demand was a reasonable time within which the defendant should have procured the case.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.