**TAYLOR et al. v. GOELET.**

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

**1. CONTRACTS (§ 212*)—TIME FOR PERFORMANCE.**

Where the time of performance is not specified in the contract. the law presumes that the parties intended performance within a reasonable time.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 944–956; Dec. Dig. § 212.*]

---

2. CONTRACTS (§ 277*)—BREACH—DEMAND OF PERFORMANCE—NECESSITY.

Where the time of performance is not specified in a contract, neither party thereto may put the other in default without notice, giving a reasonable time, specified, to complete the performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1217–1232; Dec. Dig. § 277.*]

3. LANDLORD AND TENANT (§ 48*)—CONTRACT TO LEASE—TIME OF PERFORMANCE.

Where a contract requiring a party to erect a building, and at the completion thereof to lease the premises to the adverse party, does not fix any time for the completion of the building, the proposed lessee cannot put the other party in default for failing to complete the building within a reasonable time, without notice giving a reasonable time, specified therein, to complete the work.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 114–116; Dec. Dig. § 48.*]

Action by Ralph Taylor and another against Robert Goelet. There was a verdict for defendant, and the motion by plaintiffs for a new trial on exceptions was ordered heard in the first instance at the Appellate Division. Exceptions overruled, and judgment directed for defendant.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Benjamin G. Paskus, for plaintiffs.
Frederick Hulse, for defendant.

MILLER, J. On the 10th of May, 1906, the parties entered into an agreement whereby the defendant agreed to erect a building on certain premises, and at the completion thereof to lease said premises to the plaintiffs for the period of 20 years for an annual rental of $42,000 and in addition 6 per cent. on the cost of constructing said building. During the period of construction, the plaintiffs were to pay the defendant $2,500 a month, to be applied on the amount of the security to be given by them for the performance on their part of the lease. Payments on the building contract were to be made on the certificate of the plaintiff Andrews as architect, countersigned by an architect selected by the defendant. Contracts for the construction of the building were to be awarded within 30 days after plans and specifications were delivered to the defendant, but no time was fixed in the contract for the completion of the building. On the 22d of August, 1906, the defendant entered into a contract for the construction of the building with the General Supply & Construction Company, of which the plaintiff Taylor was president. That contract provided for the completion of the building, ready for occupancy, on or before July 1, 1907. The building was not completed at that time, but the plaintiffs continued to make the regular monthly payments of $2,500 until February 17, 1908. On the 12th of March, 1908, the defendant gave the Construction Company three days' notice, pursuant to the contract, to supply a sufficiency of workmen and materials to prosecute the work with promptness and diligence, and that, upon its neglect or refusal to do so, he would take possession for the purpose of completing the work; and, pursuant to that notice, the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant did take possession. Thereafter, and on the 8th of April, 1910, the plaintiffs notified the defendant that the building should have been finished not later than June 1, 1907, and that by reason of his breach of the contract in not completing the building they would hold him liable for damages, and demanded that he repay them the sums theretofore paid by them, with interest. This action is brought to recover said sums as on a rescission of the contract.

It was testified on the trial, and conceded by the defendant, that the reasonable time to erect the building expired on July 1, 1907. The court ruled that, from the nature of the contract, the defendant was notified from the beginning that the building had to be erected within a reasonable time, and that no notice was necessary to put him in default, but that, as the reasonable time expired July 1, 1907, the continued monthly payments thereafter operated to waive the default, and to extend the time of performance indefinitely, wherefore the defendant could not be again put in default without notice, requiring performance within a reasonable time specified. The court excluded evidence of the conversations between the parties at the time of the payments, which were held to operate as a waiver.

It is unnecessary to consider the rulings on evidence, as we are of the opinion that, no definite time of performance having been specified in the contract, the plaintiffs could not rescind without giving the defendant a reasonable time after notice to perform. Of course, where the time of performance is not specified in the contract, the law presumes that the parties intended performance within a reasonable time; but it does not follow that, in such case, one party may suddenly and without notice terminate the contract, while the other is in good faith endeavoring to perform it. The circumstances of this case emphasize the injustice of such a rule. The law is settled in this state by a long line of authorities that, where the time of performance is indefinite, neither party can put the other in default without notice, giving a reasonable time specified to complete performance. It is unnecessary to cite all the cases, but see Myers v. De Mier, 52 N. Y. 647; Davison v. Association of the Jersey Company, 71 N. Y. 333; Lawson v. Hogan, 93 N. Y. 39; Simmons v. Ocean Causeway, 21 App. Div. 30, 47 N. Y. Supp. 360; Wyckoff v. Woarms, 118 App. Div. 699–709, 103 N. Y. Supp. 650. To be sure, the question has usually been raised where the definite or specified time in the contract has been extended indefinitely; i. e., for a reasonable time. But we fail to perceive any distinction between a case where the parties originally contracted for performance within a reasonable time, not specified, and one where the original contract for performance within a specified time has been modified, either by contract or by the acts of the parties amounting to the same thing, so as to substitute a reasonable time for the specified time, or to extend the specified time for a reasonable time. The last case above cited involved a modified contract which fixed no time for completion.

The plaintiffs rely on Abbey v. Mace (Com. Pl.) 19 N. Y. Supp. 375, affirmed on opinion below 141 N. Y. 574, 36 N. E. 345. In that case the parties entered into a contract whereby the defendant agreed to furnish certain bread boards to the plaintiff, to be decorated and

redelivered; the plaintiff agreeing not to do similar work for any one else. An examination of the appeal book discloses that the plaintiff made ready to do the work, and then made repeated demands upon the defendant, both orally and in writing, and that, in response to one of them, the defendant proposed to perform within a week, but did not do so, and later refused to say when the boards would be delivered.

Exceptions overruled, with costs, and judgment directed for the defendant, with costs. All concur.