MAX REIZEN, Appellant, *v.* LOUIS STEIGLITZ and Another, Respondents.

Supreme Court, Appellate Term, First Department, January 8, 1925.

Sales — damages — action for refusal of defendants to furnish plaintiff with information required to effect compliance with Bulk Sales Law (Pers. Prop. Law, § 44) — plaintiff's damages limited to recovery of down payment and reasonable fees for attorney — recovery for other disbursements of plaintiff may not be had.

In an action for the defendants' refusal to furnish plaintiff with such information as was required by him to effect a compliance with the provisions of the Bulk Sales Law (Pers. Prop. Law, § 44), plaintiff's recovery should be limited to the amount of his down payment plus the reasonable fees of his attorney. The plaintiff is not entitled to recover disbursements incurred by him in the business during the period covered by the contract, nor the reasonable value of his time during that period.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, dismissing the complaint at the close of plaintiff's case after trial before a jury.

*Max Ornstein,* for the appellant.

*Williams & Williams* [*David B. Williams* of counsel], for the respondents.

MULLAN, J.:

We are in agreement that the judgment below was wrong and that there should be a new trial. The plaintiff made a *prima facie*

showing of a breach on defendants' part consisting of the refusal or failure of defendants to furnish such information as was needed by plaintiff in order to effect compliance with the provisions of the Bulk Sales Law (Pers. Prop. Law, § 44). A majority of the court are of the opinion that the plaintiff should be limited as to damage to a recovery of his down payment and the reasonable fees of his attorney; and that the plaintiff may not recover the disbursements made by him in the business during the period provided by the contract for the purpose of permitting the plaintiff to determine whether he should carry the purchase to completion; nor the reasonable value of the plaintiff's time during that period.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and MULLAN, JJ., concur; BIJUR, J., concurs in memorandum.

BIJUR, J.:

I concur fully in the conclusion reached by my colleagues but believe that plaintiff is entitled also to recover all his expenditures in the premises on the ground that they were disbursements necessarily incurred by him in preparing to carry out the contract which result was prevented by defendants' breach. (*Bernstein* v. *Meech*, 130 N. Y. 354; *Friedland* v. *Myers*, 139 id. 432; *Nelson* v. *Hatch*, 70 App. Div. 206; affd., 174 N. Y. 546; *Reed* v. *McConnell*, 62 Hun, 153; *Abbey* v. *Mace*, 19 N. Y. Supp. 375; affd., 141 N. Y. 574, on opinion below; *Burkhard* v. *Morris*, 206 App. Div. 366.)